Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

No CV-30
L/N
IFP Submitted



DECHERI  HAFER
PlAiNtiff
VS
A-1 StoRAGE INC
ANAheim StoRAGE
BRiAN R. CASTER
MARSIL B. WAZiR
HAKieK, WAKAR

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 8:23cv1760-FWS(JDEx)
(to be filled in by the Clerk's Office)

BReach OF CoNtRAct
With EX-PARtE
RestRAiNiNG ORdeR.
PlAiNtiff (OBJects) to All
ANd
MAgistRATE (DecliNes)
JudgEs foReveRMORE
28 U.S.C, Section 636(C)

## COMPLAINT AND REQUEST FOR INJUNCTION

### I.     The Parties to This Complaint

#### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | DECHERI  HAFER |
| Street Address | GENeRAL Delivery |
| City and County | BueNA PARK |
| State and Zip Code | CA 90622 |
| Telephone Number | NONE |
| E-mail Address | NONE |

#### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction                                    (D,H)

Defendant No. 1

①    Name — A-1 SELF STORAGE ,INC

Job or Title *(if known)*

Street Address — 4607 MISSION GORGE PLACE

City and County — SAN DIEGO

State and Zip Code — CA, 92120.

Telephone Number — UNKNOWN

E-mail Address *(if known)* — UNKNOWN

Defendant No. 2

②    Name — Anaheim Storage

Job or Title *(if known)*

Street Address — 3535 West Ball Rd

City and County — Anaheim

State and Zip Code — CA, 92804.

Telephone Number — UnKNoWN

E-mail Address *(if known)* — NONE

Defendant No. 3

③    Name — Brian R. Caster

Job or Title *(if known)* — 28 West Drive East Hampton

Street Address — NY, 11937.

City and County — mailing Address

State and Zip Code — 3535 W. Ball Rd

Telephone Number — mailing Anaheim, CA, 92804.

E-mail Address *(if known)*

④    Defendant No. 4   6309 83Rd Place #1 MARYSVILLE, WA. 98270

Name — MARSIL B. WAZIR

Job or Title *(if known)* — mailing 3535 W. Ball Rd

Street Address — ANAHEIM CA, 92804.

City and County — HAKIEK, WAKAR

Defendant ⑤

State and Zip Code — 9146 Hollis Court Blvd

Telephone Number — QUEENS VillAGE

E-mail Address *(if known)* — NY, 11428

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☒ Federal question            ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

THIS CASE INVOLVES  UNITED STATES COSTITUTION FEDEARL LAW VIOLATIONS, THEREFORE. U.S DITSTRICT COURT HAS ALL JURISTICTION TO HEAR THE ACTION.
And Defendants live out side of California.

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)*  DECHERI  HAFER                                  , is a citizen of the
State of *(name)*  CALIFORNIA                                  .

b.    If the plaintiff is a corporation

The plaintiff, *(name)*                                          , is incorporated
under the laws of the State of *(name)*                                          ,
and has its principal place of business in the State of *(name)*
                                                  .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)*  BRAIN R. CASTER          , is a citizen of
the State of *(name)*  New York          . Or is a citizen of
*(foreign nation)*                                  .

(D.H)

Page 3 of 6

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

    b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under

the laws of the State of *(name)* _____, and has its

principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain):*
THE AMOUNT OF THE COMPLAINT IS MORE THE 75,000.00, SEE ATTACHED.

The Amount demanded is on Attached Pages.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?
CALIFORNIA.

All Defendants have Residences and homes out of state Therefore its Diversity of Citizenship See Attached And Page(2).

B.    What date and approximate time did the events giving rise to your claim(s) occur?
SEE ATTACHED PAGES. Between 5pm And 6pm.

C.    What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

SEE ATTACHED.

## IV.    Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.    See Attached

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.    See Attached

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    _August, 17, 2023_.

Signature of Plaintiff    _DE-Cheri HAFER_

Printed Name of Plaintiff    DECHERI  HAFER  ( IN - PRO-PER)

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

## A-1 SELF STORAGE  FIRST  CAUSES OF ACTION

A-1 SELF STORAGE, INC AND THE DEFENDANTS, VIOLATED PLAINTIFF'S RIGHT TO BE NOTICED.

WHEN A-1 SELF STORAGE AND DEFENDANTS FAILED TO EVER SERVE PLAINTIFF ANY NOTICE THAT PLAINTIFF HAD TO MOVE OUT OF PLAINTIFF STORAGE UNIT NUMBER 416.

 WITHIN , 15 DAYS. THEREBY THE DEFENDANTS  VIOLATED PLAINTIFFS RIGHT TO BE NOTICED AND RIGHT TO DUE PROCESS, UNDER THE 14TH, AMENDMENT U.S. CONSTITUTION , SECTION,1, THAT STATES .

THE PLAINTIFF HAS A RIGHT TO BE NOTICED. THEREFORE PLAINTIFF SUES THE DEFENDANTS  FOR 400,000.00 PER EACH NOTICE LISTED BELOW THAT PLAINTIFF WAS NEVER SERVED.

SECOND  CAUSE OF ACTION .

NOTICE PRELIMINARY LIEN WAS NEVER SERVED


A-1 STORAGE  INC, HEREAFTER( DEFENDANTS,) FAILED TO SERVE DECHERI

HAFER HEREAFTER( PLAINTIFF )A NOTICE OF LIEN SALE. THEREFORE THE

PLAINTIFF SUES A-1 SELF STORAGE FOR 400,000 FOR VIOLATING PLAINTIFFS 14TH

AMENDMENT RIGHT , SECTION 1, TO BE NOTICED WITH A NOTICE OF LIEN SALE.

THIRD CAUSE OF ACTION .

NOTICE OF LIEN WAS NEVER SERVED TO THE PLAINTIFF, BY THE DEFENDANTS.

THE PLAINTIFF SUES THE DEFENDANT S FOR 400,000 FOR FAILING TO SERVE THE

PLAINTIFF A NOTICE OF LIEN. THE PLAINTIFF SUES THE DEFENDANT S FOR

FAILING TO SERVE THE PLAINTIFF A NOTICE OF OBJECTION TO ALLOW THE

PLAINTIFF TO OBJECT TO THE PRELIMINARY LIEN SALE, OR TO THE


FOURTH  CAUSE OF ACTION .

NOTICE OF A VALID REASON FOR EVICTION WAS NEVER GIVEN .

THE PLAINTIFF SUES THE DEFENDANTS FOR 400,000 FOR FAILING TO GIVE THE

PLAINTIFF A NOTICE OF A VALID REASON FOR EVICTING THE PLAINTIFF AS

REQUIRED BY LAW.

FIFTH  CAUSE OF ACTION.

DEFENDANTS VIOLATED PLAINTIFF'S RIGHT TO OBJECT, PURSUANT 14 , U.S.C.A.,

SECTION 1.


A-1 STORAGE VIOLATED PLAINTIFF'S 14TH AMENDMENT RIGHT TO OBJECT TO

BEING TOLD TO LEAVE THE PLAINTIFFS STORAGE UNIT. BY A-1 STORAGE

FAILING TO SERVE PLAINTIFF ANY NOTICE IN WRITING TELLING THE PLAINTIFF

TO LEAVE, PLAINTIFFS STORAGE UNIT. PLAINTIFF SUES  DEFENDANTSSS FOR

400,000.00 FOR DENYING PLAINTIFF , PLAINTIFFS 14TH AMENDMENT RIGHT TO

OBJECT TO BEING TOLD TO LEAVE, PLAINTIFF STORAGE UNIT 416, AT 3535  WEST

BALL RD, ANAHEIM,CA, VIOLATING PLAINTIFF'S 14TH AMENDMENT, SECTION 1,

RIGHT TO DUE PROCESS OF LAW, UNDER THE U.S. CONSTITUTION OF AMERICA,

THEREBY.

PLAINTIFF SUES THE DEFENDANTS  FOR 400,000.00 FOR NOT SERVING THE

PLAINTIFF ANY NOTICE OF LEAN, EVER, AND THEREBY  VIOLATING PLAINTIFFS

14TH, AMENDMENT RIGHTS TO OBJECT, UNDER DUE PROCESS OF LAW CLAUSE

OF THE U.S CONSTITUTION OF AMERICA.

SIXTH  CAUSE OF ACTION, VIOLATION 14TH, U.C.S, SECTION,1. PLAINTIFF SUES

DEFENDANTSSS FOR 400,000.00 for failing to serve the PLAINTIFF  a 15 day notice.


PLAINTIFF  SUES THE DEFENDANTS  FOR NOT SERVING THE PLAINTIFF A 15 DAY

NOTICE REQUIRED PURSUANT  CALIFORNIA BUSINESS PROFESSIONAL CODES

21710, 21707, 21702, 21707., AND PURSUANT: 14TH AMENDMENT, SECTION 1 , OF

THE U.S CONSTITUTION. AFTER  PURPORTEDLY,PUTTING A LEAN ON PLAINTIFFS

STORAGE UNIT, 416 LOCATED AT 3535 W BALL RD, ANAHEIM ,CA.

## SEVENTH  CAUSE OF ACTION

## 14TH AMENDMENT, SECTION ,1 VIOLATED BY  DEFENDANTS,  A-1 STORAGE,TAKING POSSESSION OF PLAINTIFF STORAGE WITHOUT NOTICE.

PLAINTIFF SUES THE DEFENDANTS FOR THE FULL CONTENT VALUE OF PLAINTIFF STORAGE UNIT IN THE AMOUNT OF 10,000,000,000. . BECAUSE THE DEFENDANTS TOOK POSSESSION OF ALL PLAINTIFF STUFF, UNLAWFULLY ON 12,2,2023, UNTIL THE DISPOSITION OF THE CASE.WHILE PLAINTIFFS RENT WAS PAID IN FULL. DEFENDANTSSS THEREBY TAKING , TOOK UNLAWFUL POSSESSION OF ALL PLAINTIFFS PROPERTY, WITHOUT A TRAIL,WILLFULLY, INTENTIONALLY, MALICIOUSLY, KNOWINGLY, AND DENIED THE PLAINTIFF A TRAIL BEFORE TAKING ALL PLAINTIFFS POSSESSIONS WITHIN THE PLAINTIFF STORAGE UNIT NUMBER 416. PLAINTIFF SUES THE DEFENDANT S FOR 400,000.00, FOR DENYING THE PLAINTIFF A TRIAL,BEFORE THE COURT, BEFORE TAKING THE PLAINTIFFS POSSESSIONS, AND VIOLATING THE PLAINTIFFS . 14TH AMENDMENT, SECTION 1 , OF THE UNITED STATES CONSTITUTION, RIGHT TO A TRAIL, BEFORE PLAINTIFFS PROPERTY CAN BE TAKEN AWAY BY ONLY A COURT ORDER, AFTER A TRAIL. THEREFORE AS RESULT,, THE PLAINTIFF SUES THE DEFENDANTS FOR UNLAWFULLY WITHOUT HAVING JURISDICTION , SEARCHING AND SEIZING THE

PLAINTIFF PROPERTY. THEREBY, VIOLATING THE PLAINTIFFS 4TH .AMENDMENT UNITED STATES CONSTITUTION RIGHT, TO SEARCH AND SEIZURE.

THE DEFENDANTSSS  UNREASONABLY SEARCHED ,AND SEIZED THE PLAINTIFFS PROPERTY WITHIN THE PLAINTIFFS STORAGE UNIT, WITHOUT A COURT ORDER.

THEREFORE THE PLAINTIFF SUES THE DEFENDANTS  FOR 400,000.00 TIMES THE 30,000 ITEMS LOCATED IN PLAINTIFFS STORAGE UNIT #416, THAT PLAINTIFF OWNS, AND FOR POSSESSION OF THE STORAGE UNIT TO USE FOR STORAGE,

IN SUPPORT OF THE  FOURTH CAUSE OF ACTION

14TH AMENDMENT ,SECTION,1.

MEMORANDUM, OF POINTS AND AUTHORITIES.


NO STATE SHALL MAKE , OR ENFORCE ANY LAW WHICH SHALL ABRIDGE THE

PRIVILEGES, OR IMMUNITIES OF CITIZENS OF THE UNITED STATES, NOR SHALL

ANY STATE DEPRIVE ANY PERSON ,LIFE LIBERTY, OR PROPERTY, WITHOUT DUE

PROCESS OF THE LAW, OR DENY ANY PERSON WITHIN ITS JURISDICTION THE

EQUAL PROTECTION OF THE LAWS.

14

## FIFTH CAUSE OF ACTION

### DEFENDANTS VIOLATED PLAINTIFF RIGHTS TO TENANT PROTECTION.

DEFENDANTS VIOLATED PLAINTIFFS RIGHT TO TENANT PROTECTION. PLAINTIFF HAS RENTED REAL PROPERTY UNIT 416 THAT IS PERMANENTLY AFFIXED TO A PARCEL OF LAND, FOR OVER 24 MONTHS, FROM BEFORE JULY,1, 2021, THROUGH THE PRESENT WHEN THIS DOCUMENT WAS FILED WITH THE COURT AND STAMPED.

UNDER PLAINTIFF TENANT PROTECTION RIGHTS, A-1 HAS TO HAVE A REASON TO EVICT PLAINTIFF. A-1 STORAGE,AND THE DEFENDANTS, HAVE, HAS NO REASON TO EVICT THE PLAINTIFF, OR ANY CAUSE TO EVICT , THE PLAINTIFF. THEREFORE A-1 IS VIOLATING PLAINTIFFS RIGHTS TO TENANT PROTECTION AND PLAINTIFF SUES A-1 STORAGE FOR 400,000.00.

A-1 MUST HAVE A VALID REASON TO EVICT PURSUANT BUSINESS PRACTICE CODE 21701 THROUGH 21710A-1 STORAGE IS VIOLATING TENANTS RIGHTS BY EVICTING THE PLAINTIFF WITHOUT A CAUSE, AND VIOLATING BUSINESS PROFESSIONAL CODE 21701, THROUGH 21710, THEREFORE, PLAINTIFF SUES DEFENDANTS FOR 400,000.00.

SIXTH CAUSE OF ACTION:  DISCRIMINATION.

DEFENDANTS DISCRIMINATED AGAINST THE PLAINTIFF BY EVICTING THE

PLAINTIFF, AND BY MAKING THE PLAINTIFF LEAVE PLAINTIFFS STORAGE UNIT

BY REFUSING TO CONTINUE RENTING UNIT NUMBER 416 TO THE PLAINTIFF.

PLAINTIFF SUE THE DEFENDANTS FOR 400,000 PER DAY UNTIL THE DISPOSITION

OF THE CASE, FOR DISCRIMINATING BY REFUSING TO CONTINUE RENTING TO

THE PLAINTIFF,, AFTER DECEMBER,2,2022 ABOUT,BY DEFENDANTS TELLING

PLAINTIFF  TO LEAVE , AND UNLAWFULLY TAKING POSSESSION OF PLAINTIFFS

PROPERTY, , AND REFUSING TO RECEIVE THE PLAINTIFF RENT BECAUSE THE

PLAINTIFF IS AFRICAN . THROUGH SONYA THE ONSITE MANAGER AT 3535 W.

BALL RD. ANAHEIM,CA, A-1 SELF STORAGE DISCRIMINATED AGAINST THE

PLAINTIFF. WHEN SONYA THE ONSITE MANAGER REFUSED TO ALLOW THE

PLAINTIFF USES OF THE WATER HYDRANT AND THE RESTROOMS ON THE DATE

OF DECEMBER 2, 2022 THROUGH DECEMBER,7,2022, BECAUSE THE PLAINTIFF IS

AFRICAN AMERICAN. SONYA REFUSES TO GIVE PLAINTIFF SERVICE AND THE USE

OF THE BATHROOM AND WATER HYDRANT, AND DEMANDS ON DECEMBER,2,2022

THROUGH DECEMBER,2,2022 THAT PLAINTIFF VACATE AND LEAVE, AND MOVE

OUT OF PLAINTIFFS STORAGE UNIT #416, AT 3535  BALL RD, ANAHEIM, CA,

WITHOUT A VALID REASON FOR EVICTING THE PLAINTIFF. A-1 IS A PUBLIC

STORAGE AND IS DENYING THE PLAINTIFF THE RIGHT TO USE AND RECEIVE

PUBLIC SERVICES AND VIOLATING AFRICAN AMERICANS RIGHTS TO USE PUBLIC

FACILITIES, THEREBY VIOLATING   PLAINTIFFS 42 U.S.C.A., SECTION 2000(A)

**All persons shall be entitled to the full and equal enjoyment** of the goods, services, facilities,

privileges, advantages, and accommodations of any place of public accommodation, as defined

in this section, without discrimination on the ground of race, color, religion, or national origin.

 THEREFORE AS RESULT, THE PLAINTIFF SUES THE DEFENDANTS  FOR 400,000 PER

DAY UNTIL THE DISPOSITION OF THE CASE FOR THE CAUSE OF DISCRIMINATION

AGAINST THE PLAINTIFF BY DOING THE ABOVE, AND BELOW ACTS DECLARED

BY THE PLAINTIFF IN THIS COMPLAINT.

SEVENTH , CAUSE OF ACTION; DISCRIMINATION, USE OF RESTROOM

A-1 SELF STORAGE DISCRIMINATES, AGAINST THE PLAINTIFF,DENYING

PLAINTIFF USE OF THE PUBLIC RESTROOM, THEREBY , DEFENDANTS , VIOLATED,

IS VIOLATING  42, U..S. CODE, SECTION 2000A. ON  JUNE, 23, 2021 THROUGH

DECEMBER, 2,2022.. A-1 SELF STORAGE REFUSES TO ALLOW BLACK AFRICAN

AMERICAN PLAINTIFF TO USE THEIR PUBIC RESTROOM AT DEFENDANT'S

STORAGE FACILITIES, OR USE THEIR WATER FAUCETS, BY DEFENDANTS PUTTING

AN OUT OF USE SIGN ON THE DEFENDANTS RESTROOM . WHEN THE PLAINTIFF

NEEDS TO USE THE WATER FALSET, OR THE RESTROOM. DEFENDANTS VIOLATED

PLAINTIFFS RIGHTS UNDER 42, U.S.C.A., SECTION 2000A, THEREBY, AS THE

DEFENDANTS  CONSTANTLY, REFUSES THE PLAINTIFF USE OF DEFENDANT'S

public restroom,because the plaintiff is african american, and black.

18

EIGHTH CAUSE OF ACTION,

DISCRIMINATION,  SECOND ACT OF DISCRIMINATION ,DENIED USE OF PUBLIC

WATER HYDRANT BY DEFENDANTS, VIOLATION 42, U.S.C.A. , SECTION 2000A.

DEFENDANTS DENIED PLAINTIFF USE OF THE PUBLIC WATER HYDRANT ON

ABOUT DECEMBER,2, 2022,BY CHAINING OFF THE PUBLIC WATER HYDRIN TO

PREVENT THE PLAINTIFF FROM USING THE PUBLIC WATER, DISCRIMINATING

AGAINST THE PLAINTIFF. PLAINTIFF SUES FOR 10,000.000.00, FOR

DISCRIMINATION DONE BY THE DEFENDANT'S CHAINING OF THE WATER

HYDRANT TO PREVENT THE WATER FROM TURNING ON . SO THE PLAINTIFF

AFRICAN AMERICAN IS, WAS DENIED USE OF THE PUBLIC WATER HYDRANT ON

ABOUT  DECEMBER,2,2022.

19

## NINTH CAUSE OF ACTION.

A-1 SELF STORAGE AND DEFENDANTS ,VIOLATED CALIFORNIA'S BUSINESS, AND PROFESSIONS CODE 21700 BY COMMITTING FRAUD, AND THEFT , AND TAKING ILLEGAL POSSESSION OF PLAINTIFFS ASSETS, and possessions, on DECEMBER,2,2022. THEREFORE, THE PLAINTIFF SUES THE DEFENDANT S FOR FULL GRAND TOTAL AMOUNT OF THIS COMPLAINT, AND ALL AMOUNTS OF MONEY DEMANDED ON ALL COMPLAINTS FILED WITH ALL COURTS BY THE PLAINTIFF. BECAUSE ALL CASES FILED BY THE PLAINTIFF ARE STOLEN BY THE DEFENDANTS CAUSING THE PLAINTIFF TO NOT BE ABLE TO SUE ALL THE DEFENDANTS ON ALL CASES PLAINTIFF HAS FILED.

TENTH CAUSE OF ACTION. BREACH OF CONTRACT.

PLAINTIFF SUES THE DEFENDANT S A-1 SELF - STORAGE FOR BREACH OF CONTRACT. DEFENDANTS BREACHED THE CONTRACT WITH THE PLAINTIFF BY ACCEPTING PLAINTIFFS RENT ON DECEMBER , 2, 2022 AND THEREAFTER ON ABOUT DECEMBER,2,2022 LOCKING PLAINTIFF OUT OF PLAINTIFFS STORAGE UNIT, WHILE THE RENT WAS PAID IN FULL FROM DECEMBER,1,2022 , THROUGH THE DISPOSITION OF THE CASE.. THE CONTRACT DEFENDANTS WROTE STATES CLEARLY THAT THE PLAINTIFF HAS FULL USE AND ACCESS TO PLAINTIFFS STORAGE FACILITY, AS LONG AS THE STORAGE IS PAID in full.  A-1 STORAGE IS PAID IN FULL ON THE DATE ALL PAYMENTS WERE POSTMARKED BY UNITED STATES POSTAL SERVICES. ( SEE ATTACHED  PAGES.                    ).

21

ELEVENTH CAUSE OF ACTION


DEFENDANTS COMMITTED PERJURY AND FRAUD ON

THE WRITTEN CONTRACT STATING PLAINTIFF HAD USE OF THE

FACILITIES RESTROOM AND WATER HYDRANT FRAUDULENTLY, AND THE

STORAGE #416 UNIT AS LONG AS THE DEFENDANT S RECEIVES THE RENT

PAYMENTS. THE PLAINTIFF HAS MADE ALL PAYMENTS BY CERTIFIED MAIL, AND

THE PAYMENTS HAVE BEEN DELIVERED TO THE DEFENDANTS.

 YET THE DEFENDANTS WILL NOT ALLOW THE BLACK PLAINTIFF TO USE THE

STORAGE FACILITY. THEREFORE THE DEFENDANTS COMMITTED, FRAUD ,AND

PERJURY, CREATING THE STORAGE CONTRACT, FRAUDULENTLY, KNOWINGLY,

AND WILLINGLY..MALICIOUSLY.


 DEFENDANTS COMMITTED FRAUD VIOLATING U.S.C.A., SECTION .BY STATING

PLAINTIFF HAD, HAS, ACCESS TO PLAINTIFFS STORAGE AS LONG AS RENT IS PAID

IN FULL.


DEFENDANTS VIOLATING U.S.C 18 ,  SECTION, 1341, AND 18 U.S.C., CHAPTER 42,

SECTION 1001. BY THE DEFENDANTS AS  COMMITTING PERJURY, AND FRAUD

22

AND THEREBY VIOLATING 18, U.S.C., SECTION. 1341, OF THE U.S. CONSTITUTION

AGAINST THE PLAINTIFF. THE DEFENDANTS SUED THE DEFENDANTS FOR

DEFENDANTS COMMITTED  PERJURY BY WRITING A CONTRACT, AND GIVING IT

TO THE PLAINTIFF, STATING PLAINTIFF HAD , HAS, ACCES FULL TO THE

PROPERTY AND THE RESTROOMS, AND WATER , AND PLAINTIFFS STORAGE UNIT,

AS LONG AS PLAINTIFFS RENT IS PAID IN FULL, AND PLAINTIFF WOULD NOT BE

LOCKED OUT OF PLAINTIFFS STORAGE UNIT AS LONG AS PLAINTIFFS RENT IS

PAID IN FULL.  PLAINTIFF PAID ALL PAYMENTS IN FULL THE DATE THE MAILED

PAYMENTS WERE POSTMARKED BY U.S POSTAL SERVICE. PLAINTIFF SUES

DEFENDANTS FOR 5,000,000.00 FOR STEALING THE IDENTITY OF THE PLAINTIFF

AND ALL PLAINTIFFS FAMILY , DAUGHTER , AND FATHERS RECORDS FROM

WITHIN PLAINTIFFS STORAGE UNIT.

12TH CAUSE OF ACTION IS IDENTITY THEFT, PURSUANT 18,

CHAPTER 47, SECTIONS 1005-1028.


DEFENDANTS COMMITTED THREE COUNTS OF IDENTITY AGAINST THE

PLAINTIFF. BY   HEFT ,BY DEFENDANTS  TAKING, ALL POSSESSION UNLAWFULLY

OF PLAINTIFF STUFF WITHIN PLAINTIFFS STORAGE UNIT NUMBER 416,

ILLEGALLY, FROM 12,2,2022 THOUGH TODAY,CONTAINING PLAINTIFFS , AND

PLAINTIFFS DAUGHTER, AND PLAINTIFFS DAD'S IDENTITY,PURSUANT 18, U.S.C,

CHAPTER 47, SECTIONS 1005-1028. THEREFORE PLAINTIFF SUES THE DEFENDANTS

FOR THREE COUNTS OF IDENTITY THEFT IN THE AMOUNT OF 5,000,000,000.00


MEMORANDUM OF POINTS AND ATHORITIES 42 U.S.C.A, SECTION, 1.

24

ALL PERSONS SHALL BE ENTITLED TO THE FULL AND EQUAL ENJOYMENT OF

THE GOODS, SERVICES, FACILITIES, RESTROOM FACILITIES, PRIVILEGES,

ADVANTAGES, AND ACCOMMODATIONS OF ANY PUBLIC PLACE, PUBLIC

STORAGE, WITHOUT DISCRIMINATION ON THE GROUND OF RACE, SEX ,COLOR ,

OR NATIONAL ORIGIN.

13TH PLAINTIFF SUES THE DEFENDANT S FOR BANK THEFT PURSUANT 18, U.S. CODE, SECTION, 1341.

DEFENDANTS TOOK MONEY OUT OF PLAINTIFFS BANK ACCOUNT FRAUDULENTLY IN THE SUM OF 424.00 U,S DOLLARS, STATING THE MONEY WOULD BE USED FOR STORAGE PAYMENT TO GIVE PLAINTIFF ACCESS TO PLAINTIFF STORAGE UNIT 416 FROM DECEMBER,2,2022, THROUGH AUGUST,10,2023, FRAUDULENTLY. DEFENDANTS COMMITTED FRAUD BY TAKING PLAINTIFF'S MONEY FROM PLAINTIFFS WELLS FARGO BANK ACCOUNT IN THE AMOUNT OF 424.00 FOR STORAGE ACCESS, AND STORAGE FEE PAYMENTS, THEN WILLFULLY, INTENTIONALLY, KNOWING, AND MALICIOUSLY, DENIED THE PLAINTIFF ACCESS, AND USE OF PLAINTIFF STORAGE UNIT. AFTER DEFENDANTS TOOK, 424.00  DOLLARS OUT OF THE PLAINTIFFS BANK ACCOUNT WELLS FARGO. PLAINTIFF SUES DEFENDANTSSS FOR 1,000,000,.00 ,FOR  EACH TIME, DEFENDANTS, OR PERSONS COMMITTED ,COMMITTING BANK FRAUD, OR UNLAWFULLY ,, TOOK, TAKING PLAINTIFF'S MONEY OUT OF PLAINTIFFS , ACCOUNTS.
 AFTER DECEMBER, 2,2022, WHEN DEFENDANTS TOOK UNLAWFUL POSSESSION OF PLAINTIFF STORAGE UNIT NUMBER 416, LOCATED AT 3535  WEST  BALL RD. ANAHEIM, CA. BECAUSE DEFENDANTS IS RESPONSIBLE FOR ALL POSSESSIONS OWNED BY THE PLAINTIFF, AFTER DEFENDANTS TOOK UNLAWFUL POSSESSION

OF PLAINTIFFS BELONGINGS IN PLAINTIFF STORAGE UNIT #416  AT : 3535 W. BALL

RD, ANAHEIM, CA.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FOURTEENTH CAUSE OF ACTION, FRAUD IN WRITING THE CONTRACT.

THE PLAINTIFF SUES THE DEFENDANT S A-1 STORAGE FOR COMMITTING FRAUD. WHEN THE DEFENDANTSSS WRITING A CONTACT. AND GIVING IT TO THE PLAINTIFF , DECLARING THAT THE PLAINTIFF HAD FULL ACCESS TO THE STORAGE FACILITIES, AND THE RESTROOM, EXCEPT RENTED STORAGE UNITS, FRAUDULENTLY. DEFENDANTS COMMITTED FRAUD IN WRITING ON CONTRACT. THEREFORE PLAINTIFF SUES THE DEFENDANT S FOR 1,000,000.00.

28

FIFTEENTH CAUSE OF ACTION. DEFENDANTS VIOLATED PLAINTIFFS 14TH,

AMENDMENT, OF THE UNITED STATES CONSTITUTION,

SECTION 1 , RIGHTS, PER ITEM THAT THE DEFENDANTS STOLE, OR TOOK

POSSESSION OF UNLAWFULLY., ON  12,2,2022, AND THEREAFTER.


PLAINTIFF SUES FOR 400,000.00 PER ITEM THAT THE DEFENDANTS TOOK

UNLAWFUL POSSESSION OF BELONGING TO THE PLAINTIFF.  DEFENDANTS

WRONGFULLY TOOK ILLEGAL POSSESSION OF ALL DEFENDANT'S PROPERTY ON

ABOUT 12,2,2022  BY PLACING DEFENDANT S LOCK ON PLAINTIFF STORAGE ON

12,2,2022, AND TAKING POSSESSION OF THE PLAINTIFF STORAGE UNTIL TO SELL,

ACTION, PLAINTIFFS PROPERTY ON PORTED DATE OF AUGUST,12,2023 AND

THEREBY TOOK POSSESSION AND CONTROL OF ALL PLAINTIFFS GOODS, AND

MONEY INSIDE PLAINTIFFS STORAGE UNIT NUMBER 416. THAT PLAINTIFF NEEDS,

NEEDED ACCESS TO TO PAY PLAINTIFFS STORAGE PAYMENTS ON TIME.

DEFENDANTS IS RESPONSIBLE FOR ALL LATE PAYMENT FEES. DUE TO

DEFENDANT'S LOCKING OUT THE PLAINTIFF FROM PLAINTIFFS STORAGE

FACILITY ILLEGALLY ON DECEMBER,2,2022 ABOUT. THEREFORE THE PLAINTIFF

SUE THE DEFENDANT S FOR ALL LOSS OF PROPERTY INSIDE THE PLAINTIFFS

STORAGE UNIT NUMBER 416, AND PLAINTIFF SUES THE DEFENDANTSSS FOR ALL

LATE FEES AND PENALTIES ACCUMULATED AFTER DECEMBER,2,2022, WHEN THE

29

DEFENDANTS LOCKED THE PLAINTIFF ILLEGALLY OUT OF PLAINTIFF STORAGE

UNIT CONTAINING MONEYS TO PAY STORAGE FEES MONTHLY. DEFENDANTS

TOOK POSSESSION OF ALL PLAINTIFFS PROPERTY ON

DECEMBER,2,2022 THROUGH THE DISPOSITION OF THE CASE WHEN A COURT

ORDER IS ISSUED RETURNING PLAINTIFFS PROPRTY AND WRITE TO POSSESSION

OF PLAINTIFFS STORAGE UNIT, BACK TO THE PLAINTIFF FROM THE

DEFENDANTS.


 AND THEREFORE ,  IS RESPONSIBLE FOR ALL LOSS OF PLAINTIFFS PROPERTY ON

THE DATE OF DECEMBER,2,2022 THROUGH THE DISPOSITION OF THE CASE.

BECAUSE  THE DEFENDANTS TOOK POSSESSION ILLEGALLY OF PLAINTIFF

PROPERTY CONTAINED IN PLAINTIFFS STORAGE UNIT # 416. PLAINTIFF SUES THE

DEFENDANT S FOR ALL THEFT , LOSS OF PROPERTY, AND ALL DAMAGE TO

PLAINTIFFS PROPERTY AT THE TODAYS REPLACEMENT COST PLUS SHIPPING

COSTS, PER ITEM.

30

SIXTEENTH CAUSE OF ACTION. DEFENDANTS VIOLATED PLAINTIFFS RIGHT TO A TRAIL, BEFORE PLAINTIFFS POSSESSIONS CAN BE TAKEN BY THE DEFENDANTS, VIOLATING PLAINTIFFS 14TH AMENDMENT OF THE U.S.C, CONSTITUTION, SECTION,1 RIGHT TO A TRAIL.

THE DEFENDANTS DENIED THE PLAINTIFF A TRAIL. WHEN THE DEFENDANTS DECIDED WITHOUT JURISDICTION TO TAKE POSSESSION OF PLAINTIFFS POSSESSIONS WITHIN PLAINTIFF STORAGE , WITHOUT A TRAIL. PURSUANT TO THE 14TH, AMENDMENT OF THE U.S.C.A., CONSTITUTION. PLAINTIFF IS GUARANTEED A FAIR TRIAL,BEFORE PLAINTIFFS POSSESIONS CAN BE TAKEN FROM THE PLAINTIFF, ONLY BY COURT ORDER, AFTER A TRAIL HAS TAKEN PLACE. THE DEFENDANTS ACTED AS JUDGE, JURY, AND RULER, RULING TO TAKE POSSESSION OF ALL PLAINTIFFS BELONGINGS WITHOUT A TRAIL. THEREFORE THE PLAINTIFF SUES THE DEFENDANT S FOR 400,000.00 FOR DENYING THE PLAINTIFF THE RIGHT TO A TRAIL. BEFORE PLAINTIFFS POSSESSIONS WERE REMOVED FROM THE PLAINTIFF.

31

SEVENTEENTH CAUSE OF ACTION

DEFENDANTS VIOLATED 42, CHAPTER 12, SECTIONS, 1983,1982, 1981, 1981(A) AGAINST THE PLAINTIFF. WHEN DEFENDANTS PUNISHED THE BLACK PLAINTIFF FOR EXERCISING PLAINTIFFS RIGHTS TO USE PUBLIC BUILDING PURSUANT 42, U.S.C., SECTION 2000(A).

DEFENDANTS PUNISHED THE PLAINTIFF BY TELLING THE PLAINTIFF, THAT THE PLAINTIFF AFTER USING THE WATER, AND TRYING TO USE THE PUBLIC RESTROOM ON DECEMBER ,2, 2022. THE DEFENDANTSSS TOLD THE PLAINTIFF THAT THE PLAINTIFF HAD TO LEAVE VERBALLY AND COULD NOT RENT STORAGE SPACES AT A-1 STORAGE ANY LONGER, AND THEREBY THE DEFENDANTSSS PUNISHED THE PLAINTIFF FOR USING THE WATER THAT PLAINTIFF USED ON DECEMBER,2,2022, AFTER TRYING TO USE THE RESTROOM. THE DEFENDANTS PUNISHED THE PLAINTIFF FOR USING THE PUBLIC WATER HYDRANT, VIOLATING PLAINTIFFS RIGHTS UNDER 42, U.S.C., SECTIONS ,1981, 1982,1983,1981(A).BY TAKING THE PLAINTIFFS POSSESIONS.

32

EIGHTEENTH CAUSE OF ACTION

PLAINTIFF SUES THE DEFENDANT S FOR VIOLATING PLAINTIFFS RIGHTS

PURSUANT TO 42, U.S.C., SECTION 5170, AND CALIFORNIA EXECUTIVE ORDER

NUMBER 2020-12

33

NINETEENTH CAUSE OF ACTION , A-1 VIOLATED PLAINTIFFS RIGHTS UNDER THE 14TH, AMENDMENT OF THE U.S. CONSTITUTION OF AMERICA BY NOT GIVING NOTICE  PLAINTIFF A PAY RENT OR QUIT NOTICE. THEREBY DEFENDANTS VIOLATED THE 14TH AMENDMENT OF THE U,S CONSTITUTION.

A-1 STORAGE VIOLATED PLAINTIFFS CONSTITUTIONAL RIGHTS PURSUANT TO THE 14TH AMENDMENT OF THE U.S CONSTITUTION, SECTION,1 . WHEN THE DEFENDANTS FAILED TO GIVE PLAINTIFF A NOTICE TELLING THE PLAINTIFF TO PAY RENT OR QUIT, ON PLAINTIFFS STORAGE UNIT NUMBER 416. PLAINTIFF HAS RENTED FOR OVER A YEAR UNIT NUMBER 416 FROM THE DEFENDANTS, AND PLAINTIFF BY LAW MUST BE SERVED A NOTICE TO PAY RENT OR QUIT BY THE DEFENDANTS. BEFORE THE DEFENDANTS MAY THEREAFTER HAVE A RIGHT TO TAKE POSSESSION OF PLAINTIFFS BELONGINGS. DEFENDANTS FAILED TO NOTICE THE PLAINTIFF BY DERIVING THE PLAINTIFF A PAYRENT OR QUIT NOTICE BEFORE TAKING POSSESSION OF PLAINTIFF BELONGINGS, OR ABOUT DECEMBER,2,2022. THEREFORE PLAINTIFF SUES DEFENDANTS FOR 400,000.00 FOR VIOLATION DUE PROCESS OF LAW, UNDER THE 14TH, AMENDMENT, SECTION,1, OF THE U.S. CONSTITUTION.

34

20TH , CAUSE OF ACTION; DEFENDANTS VIOLATED PLAINTIFFS 14TH

AMENDMENT OF THE U.S CONSTITUTION, SECTION,1, RIGHT TO BE GIVEN A

THREE DAY NOTICE. THEREFORE PLAINTIFF SUES A DEFENDANTS  FOR 400,000.00.

35

21ST CAUSE OF ACTION, DISCRIMINATION IN RENTING PROPERTY TO AFRICAN

AMERICANS, VIOLATING  42, U.S CODE, SECTION, 2000(A).


 EVICTING PLAINTIFF WITHOUT A JUST CAUSE, BECAUSE DEFENDANTS IS

DISCRIMINATING AGAINST THE BLACK PLAINTIFF, AND DEFENDANTS DOESN'T

WANT TO SHARE THE SAME TOILET,OR RESTROOM WITH THE BLACK AFRICAN

PLAINTIFF. THEREFORE THE DEFENDANTSSS IS REFUSING TO RENT TO THE

PLAINTIFF, ANY LONGER, AND REFUSING TO ALLOW THE PLAINTIFF TO USE THE

PUBLIC RESTROOM, AND THE PUBLIC WATER  THAT DEFENDANTS CHAINED OFF

TO TURN OF THE WATER, AFTER LOCKING THE RESTROOM DOOR ON THE DATE

OF DECEMBER ,2,2021., LOCATED AT PLAINTIFF STORAGE FACILITY AT 3535 WEST

BALL RD, ANAHEIM, CA.


DEFENDANTS FAILED TO GIVE THE PLAINTIFF A THREE DAY NOTICE,

CONTAINING THE DEFENDANT S, OR PERSON PLAINTIFF MUST PAY RENT WITH

A-1 STORAGE, INC, NAME ADDRESS, BUSINESS HOURS,PHONE NUMBER .

36

TO PURPORTEDLY GIVE PLAINTIFF THE CONTACT INFORMATION OF THE PERSON THE DEFENDANTS APPOINTED TO PAY RENT TO MONTHLY.

THEREFORE PLAINTIFF SUES FOR 400,000.00, DUE TO DEFENDANT'S FAILING TO GIVE THE PLAINTIFF A LEGAL THREE DAY NOTICE, BEFORE TAKING POSSESSION OF PLAINTIFFS BELONGINGS IN PLAINTIFFS STORAGE UNIT #416, ON ABOUT DECEMBER,2,2022. THEREFORE THE PLAINTIFF SUES THE DEFENDANTS FOR NOT GIVING THE PLAINTIFF ANY REASON ON ANY NOTICE , DECLARING THE REASON WHY THE DEFENDANTS WILL NOT RENT TO THE PLAINTIFF, ANY LONGER, PURSUANT 14TH, U.S.C , SECTION,1 , AND Clifornia assembly bill, 1482, THAT'S THOUGH THE YEAR OF 2030.

Because the plaintiff has rented for over a TWO YEARS.. THE DEFENDANTS MUST GIVE THE PLAINTIFF A NOTICE STATING A JUST CAUSE WHY THE DEFENDANTS WILL NOT RENT TO THE PLAINTIFF UNDER TENANTS RIGHTS UNDER FEDERAL FAIR HOUSING LAWS, AND 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION, SECTION,1.

37

22 SECOND , CAUSE OF ACTION, THE PLAINTIFF SUES THE DEFENDANT S FOR UNLAWFULLY TAKING ALL THE FOLLOWING LIST OF ITEMS, BY THE DEFENDANT'S ILLEGALLY TAKING POSSESSION OF ALL PLAINTIFF STUFF INSIDE THE PLAINTIFFS UNIT NUMBER ON  DECEMBER, 2,2022, ABOUT. WHEN THE DEFENDANTS  LOCKED THE PLAINTIFF OUT OF PLAINTIFFS STORGE UNIT NUMBER 416, WITHOUT A JUST CAUSE, THEREAFTER, TAKING POSSESSION OF PLAINTIFFS PROPERTY, UNLAWFULLY INSIDE PLAINTIFF STORAGE UNIT.

38

23TH CAUSE OF ACTION  AGAINST THE DEFENDANTS AS.

PLAINTIFF SUES FOR LOST WAGES .DUE TO DEFENDANT'S SEIZING PLAINTIFF

PROPERTY, UNLAWFULLY, WITHOUT HAVING ANY JURISDICTION.


 PLAINTIFF SUES THE DEFENDANT S FOR THE FULL VALUE OF ALL PLAINTIFF

CASES THAT  PLAINTIFF HAS FILED WITH THE COURTS, ANS UNITED STATES

DISTRICT COURTS, PLUS INTEREST OF 10 PERCENT, FROM THE DATE JUDGMENTS

WERE ENTERED ON MARCH 23,2021 IN HAFER VS, DHALIWAL WITH THE

SUPERIOR COURT OF CALIFORNIA COUNTY OF KERN METROPOLITAN DIVISION,,

AND ,OR WERE MOTIONED TO BE ENTERED, ON EACH CASE THAT DEFAULT, OR

DEFAULT JUDGMENT HAS BEEN MOTIONED, BY THE PLAINTIFF, LISTED AS

FOLLOWS.


BECAUSE ALL CASES, AND CASE FILES HAVE BEEN TAKEN POSSESSION OF

UNLAWFULLY BY THE DEFENDANTS ON  DECEMBER,2,2022.

 THE PLAINTIFF CANNOT PROCEED WITH PLAINTIFFS CASES FROM

DECEMBER,2,2022 UNTIL THE PLAINTIFFS PROPERTY IS FULLY RETURNED.. DUE

TO THE DEFENDANT'S TAKING UNLAWFUL POSSESSION OF ALL LISTED CASE

FILES, AND CASES.  PLAINTIFF HAS , IS LOSING WAGES FROM DECEMBER 2,2022

39

THROUGH THE COURT ORDERED RETURN, OR THE RETURN OF ALL PLAINTIFFS POSESSIONS,SAFE AND UNDAMAGED, THEREFORE PLAINTIFF SUES FOR LOST WAGES FROM DECEMBER,2,2022 UNTIL PLAINTIFF PROPERTY AND THE RIGHT TO POSSESSION OF PLAINTIFF STORAGE AND PROPERTY IS RETURNED TO THE PLAINTIFF, BY THE COURT. THE PLAINTIFF SUES THE DEFENDANTS FOR 213,698.63 PER DAY IN LOST WAGES UNTIL PLAINTIFFS STORAGE UNIT 416 IS RETURNED TO THE PLAINTIFF TO RENT AND ALL PLAINTIFFS PROPERTY IS RETURNED UNDAMAGED,AND COMPLETE, AND UNALTERED.

PLAINTIFF SUFFERED, AND IS SUFFERING A LOSS OF INCOME IN THE AMOUNT OF THE COMPLAINT PER EACH CASE. PLAINTIFF SUES FOR THE AMOUNT STATES, OR THE TOTAL AMOUNT ON EACH CASE THE PLAINTIFF HAS FILE WITH THE COURT. BECAUSE ALL PLAINTIFF CASES ARE UNIT#416, AT 3535 BALL RD , ANAHEIM, CA, AND IN POSSESSION OF THE DEFENDANTS AS DEFENDANTS  UNLAWFULLY WITHOUT NOTICE SERVED ON THE PLAINTIFF LISTED WITHIN THIS COMPLAINT..

40

## 24TH CAUSE OF ACTION

CASES PLAINTIFF HAS FILED WITH THE SUPERIOR COURT OF CALIFORNIA

COUNTY OF KERN, IN BAKERSFIELD, CA, AS FOLLOWS.

HAFER  VS. DHALIWAL    FOR THE SUM OF  WHEN DEFAULT WAS ENTERED  FOR

78,000,000.00 ON MARCH,23,2021. WITH INTEREST THE AMOUNT OF THE CASE IS

94,000,000. THEREFORE, PLAINTIFF SUES THE DEFENDANTSSS FOR 94,000,000 PLUS

ANNUAL INTEREST OF % 10 PERCENT A YEAR FROM AUGUST , 9,2023 UNTIL

DEFENDANTS PAYS THE LAWSUIT FILED BY THE PLAINTIFF AGAINST THE

DEFENDANTS IN FULL.

ADDITIONALLY EACH CASE FILED THE PLAINTIFF SUES THE DEFENDANT S FOR

THE AMOUNT STATED IN THE COMPLAINTS FILED WITH THE COURTS. DUE TO

DEFENDANT'S UNLAWFULLY SEIZING POSSESSION OF ALL PLAINTIFFS CASE

FILES ON DECEMBER,2,2021. AND  THEREBY VIOLATING PLAINTIFFS  4TH

AMENDMENT, U,S CONSTITUTION RIGHT TO SEARCH AND SEIZURE. BY TAKING

POSSESSION OF ALL PLAINTIFFS PROPERTY.

41

HAFER  VS. PATEL  , FILED WITH THE SUPERIOR COURT OF CALIFORNIA, COUNTY

OF KERN AT 1415 TRUXTUN AVE, BAKERSFIELD,CA,  ON ,7,3,2019.  VALUED AT

1,400,000,000.00 WITH  A YEARLY INTEREST ACCRUING AT .10 PERCENT FROM THE

MARCH, 4, 2020 WHEN PLAINTIFF FIRST REQUESTED  DEFAULT, AND DEFAULT

JUDGMENT, TIMES THE PRINCIPLE AMOUNT OF THE LAWSUIT OF 1,000,000,000.00..

THE PLAINTIFF SUES THE DEFENDANT S FOR 1,400,000,000.00 FOR TAKING CASE

HAFER  VS. PATEL.


HAFER  VS,  DISTRICT ATTORNEY , FOR 48,000,000,00 , ON MARCH,14,2014, WITH

THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN AT : 1415 TRUXTUN

AVE, BAKERSFIELD, CA, 93301. PLAINTIFF SUE THE DEFENDANT S FOR

96,000,000.00. PLAINTIFF REQUESTED DEFAULT ON OCTOBER,1,2014 IN THE ABOUT

OF 48,000,000.00, . PLAINTIFF SUES THE DEFENDANTS  FOR INTEREST LOST  FROM

OCTOBER,1,2014, THROUGH PRESENTLY TODAY , PLUS THE AMOUNT OF 48,000,000

ON THE COMPLAINT TOTALING 98,000,000 LAWSUIT AGAINST THE DEFENDANTS

FOR HAFER  VS.  DISTRICT ATTORNEY CASE THAT THE DEFENDANTS POSSESSES

AND IS REPORTEDLY SCHEDULED TO ACTION OF WITHOUT HAVING ANY

JURISDICTION.

42

25TH CAUSE OF ACTION.

THE FOLLOWING AND ABOVE CASES PLAINTIFF FILED ARE WITH THE U.S.

DISTRICT COURT

HAFER  VS. BUENA PARK POLICE DEPARTMENT IS FILED WITH THE U.S. DISTRICT COURT CENTRAL DIVISION, AT 350 W 1ST, STREET, LOS ANGELES, CA, THE CASE IS VALUED AT 30,000,000,000.00 AND IS PENDING WITH THE UNITED STATES DISTRICT COURT. DEFENDANTS HAS TAKEN UNLAWFUL POSSESSION OF ALL ORIGINAL CASE FILES AND SUPPORTING EVIDENCE. WHEN THE DEFENDANTS TOOK UNLAWFUL POSSESSION OF PLAINTIFFS STORAGE UNIT, AND AS RESULT THE DEFENDANTS IS , HAS , HAVE, PREVENTED JUSTICE, AND PREVENTED THE PLAINTIFF FROM HAVING A FAIR TRIAL. THE PLAINTIFF SUES THE DEFENDANTS FOR 15,000,000,000, THE VALUE , AND AMOUNT THE PLAINTIFF DEMANDED WITHIN THE PLAINTIFF COMPLAINT AGAINST THE BUENA PARK POLICE DEPARTMENT.

43

26TH  CAUSE OF ACTION

HAFER VS. THE UNITED STATES, AND SOCIAL SECURITY ADMINISTRATION


PLAINTIFF CASE AND ORIGINAL DOCUMENTS, AND EVIDENCE , NECESSARY TO

PROCEED WITH PLAINTIFF ACTION. WHERE,ARE, TAKEN BY THE DEFENDANTS.

THE PLAINTIFF SUES THE DEFENDANTS FOR THE AMOUNT OF THE COMPLAINT

IN THE AMOUNT OF 2,500,400,200.00 PLUS INTEREST ACCRUING FROM THE DATE

OF PLAINTIFF REQUEST FOR DEFAULT, AND DEFAULT JUDGMENT ON

OCTOBER,28,2022 OF TEN PERCENT A YEAR.

44

27TH CAUSE OF ACTION.

HAFER  VS. FARMERS INSURANCE AGENCY FILED WITH THE UNITED

STATES DISTRICT COURT, EASTERN DIVISION..


PLAINTIFF SUES THE DEFENDANTS  FOR 2,780,000,00 PLUS INTEREST FROM THE

DATE PLAINTIFF REQUESTED DEFAULT, AND DEFAULT JUDGMENT.PLAINTIFF

SUES FOR THE AMOUNT ON THE COMPLAINTOF 2,780,000,00  PLUS INTEREST. DUE

TO THE DEFENDANTSSS ILLEGALLY SEIZING THE PLAINTIFF'S CASE FILES,AND

COMPUTER CONTAINING THE CASE RECORDS . WITHOUT AFFORDING THE

PLAINTIFF DUE PROCESS OF LAW UNDER THE  14 AMENDMENT OF THE

U.S CONSTITUTION, AND PLAINTIFF RIGHTS TO BE FREE FROM DEFENDANT'S

UNREASONABLE SEARCHES , AND SEIZURES, 4TH AMENDMENT TO THE U.S

CONSTITUTION. THE DEFENDANT'S HAS, HAVE, IS,  UNREASONABLY SEARCHED

AND SEIZED THE PLAINTIFFS PROPERTY AND CASE FILES WITHOUT A COURT

ORDER, OR A WARRANT, OR NOTICE TO THE PLAINTIFF..

45

28TH CAUSE OF ACTION

HAFER  VS. SACRAMENTO HOUSING AND REDEVELOPMENT,

PLAINTIFF SUES THE DEFENDANTS  FOR 1,000,000,000.00, FOR THE LOSS OF THE CASE,BY THEFT COMMITTED BY THE DEFENDANTS, TAKING POSSESSION OF PLAINTIFF'S CASE, HAFER  VS  SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY. PLAINTIFF SUES FOR THE AMOUNT ON THE COMPLAINT OF CASE HAFER VS. SACRAMENTO HOUSING AUTHORITY FILED WITH THE U.S DISTRICT COURT IN SACRAMENTO, CA. DUE TO THE DEFENDANTS COMMITTING GRAND THEFT, AND WITHOUT JURISDICTION SEARCHING AND SEIZING PLAINTIFFS CASE FILES AND COMPUTER CONTAINING PLAINTIFF'S CASE FILES.

46

29TH CAUSE OF ACTION


HAFER VS. HOMESITE INSURANCE


PLAINTIFF SUES THE DEFENDANTS FOR 3,000,000,000, FOR TAKING CASE, AND

TAKING POSSESSION OF CASE  HAFER  VS. HOMESITE  INSURANCE, ON

DECEMBER, 2, 2022, ABOUT AND THEREAFTER.

47

30TH CAUSE OF ACTION, IDENTITY THEFT.

THE PLAINTIFF SUE THE DEFENDANT S FOR THE FULL VALUE OF EACH ITEM

STOLEN , PLUS SHIPPING AND HANDLING,, EXCLUDING CASE FILES, AND ITEMS

THAT CONTAIN ANY IDENTITY OF ANY PERSON. THE PLAINTIFF SUE THE

DEFENDANT S FOR 100,000,000.00 , FOR ONLY  LOST HOUSEHOLD GOODS,

EXCLUDING CASE FILES, EVIDENCE, ORIGINAL CASE DOCUMENTS, AND ITEMS,

CONTAINING IDENTITY

48

31TH ,CAUSE OF ACTION

IDENTITY THEFT, PURSUANT , TO , U.S.C, SECTION 1621.

PLAINTIFF SUES THE DEFENDANTS  FOR IDENTITY THEFT IN THE AMOUNT OF

6,000,000,000.00, DUE TO THE DEFENDANTS AS STEALING, AND TAKING

POSSESSION OF THE PLAINTIFFS IDENTITY,UNLAWFULLY. THE DEFENDANTS HAS

STOLEN VIA GRAND THEFT, AND SEIZED, THE PLAINTIFFS IDENTITY , AND

PLAINTIFF DAUGHTERS, IDENTITY, AND PLAINTIFFS FATHERS IDENTITY NAMED

DONALD .HAFER. BY THE DEFENDANT'S SEARCHING AND SEIZING AND SELLING

ALL PLAINTIFFS DOCUMENTS CONTAINING PLaintiffs DAD

 donald Hafer, and plaintiff daughters identity .FROM PLAINTIFF STORAGE UNIT #416 AT;

3535 WEST BALL RD, ANAHEIM,CA WITHOUT A WARRANT , COURT ORDER, OR

HAVING JURISDICTION. THEREFORE PLAINTIFF SUES THE DEFENDANT S FOR

6,000,000,000.00.

49

32 SECOND CAUSE OF ACTION

PLAINTIFF SUES ALL DEFENDANTS FOR THE AMOUNT STATED IN THE

COMPLAINT FILED ON ABOUT JANUARY, 1, 2023 WITH THE UNITED STATES

DISTRICT COURT AT : 350 WEST 1ST STREET, LOS ANGELES,CA, ON CASE

DECHERI HAFER VS. BUENA PARK POLICE DEPARTMENT, ORANGE COUNTY, CITY

OF BUENA PARK, NAVIGATION CENTER,( DEFENDANTS), OR 20,000,000,000.00

WITCH EVER IS LESS. IN THIS CASE DECHERI HAFER SUES ALL DEFENDANTS

LISTED ABOVE, AND BELOW, AND WITHIN THIS COMPLAINT.

51

INTRODUCTION

THE DEFENDANTSSS IS REFUSING TO RECEIVE PLAINTIFFS STORAGE

PAYMENTS FROM APRIL 2O23, THROUGH

JULY ,1,2023. THE PLAINTIFF HAS MAILED PAYMENTS TO A-1 STORAGE

CORPORATE OFFICE FROM  APRIL,1,2023 THROUGH JULY,1, 2023, FOR FOUR

MONTHS CERTIFIED MAIL DELIVERY CONFIRMATION SIGNED BY A-1 SELF

STORAGE AS RECEIVED MAIL EACH MONTH FOR FOUR MONTHS( SEE ATTACHED)

. YET A-1 AFTER RECEIVING PLAINTIFFS CHECKS REFUSES TO CASH AND

RECEIVE PLAINTIFFS CHECKS, IN ORDER TO ILLEGALLY EVICT THE PLAINTIFF

VIA SELF HELP EVICTION FROM PLAINTIFFS STORAGE FACILITY, AND TAKE ALL

PLAINTIFFS PROPERTY ILLEGALLY COMMITTING GRAND THEFT AGAINST THE

PLAINTIFF, ( 10 U.S CODE, SECTION, 921, ARTICLE 121), SECTION (A) (1), AND

DEPRIVE THE PLAINTIFF OF PLAINTIFFS FIRST AMENDMENT , OF THE UNITED

STATES CONSTITUTION RIGHT TO A JUDGE AND JURY AND DUE PROCESS OF LAW

UNDER THE BILL OF RIGHTS ,BEFORE PLAINTIFF PROPERTY CAN BE TAKEN BY

COURT ORDER, FROM THE PLAINTIFF. .

IN THE FOURTEENTH AMENDMENT TO THE U.S CONSTITUTION IT STATES, Section

1 Says THAT NO PERSON SHALL BE DEPRIVED OF LIFE LIBERTY, OR PROPERTY

WITHOUT DUE PROCESS OF LAW.

52

THE PLAINTIFF SUES A-1 SELF STORAGE FOR 400,000 PER ITEM STOLEN BY THE

DEFENDANT'S COMMITTING GRAND THEFT AGAINST THE PLAINTIFF, BECAUSE

PER ITEM STOLEN BY THE DEFENDANTS. THE DEFENDANTSSS COMMITS

MULTIPLE VIOLATIONS OF PLAINTIFFS DUE PROCESS RIGHTS TO DUE PROCESS

OF LAW BEFORE PROPERTY CAN BE TAKEN BY COURT ORDER, ADDITIONALLY ,

THE PLAINTIFF SUE THE DEFENDANT S FOR MULTIPLE VIOLATIONS OF GRAND

THEFT AT A RATE OF 10,000.00 PER GRAND THEFT Violations per each intel stolen by the

 DEFENDANTS . PLAINTIFF HAS 30,000 ITEMS. PLAINTIFF SUES DEFENDANTSSS

FOR 30,000 ITEMS IN THE PLAINTIFFS STORAGE TIMES 400,000 PER ITEM. BECAUSE

THE DEFENDANTS HAS ILLEGALLY TAKEN POSSESSION OF PLAINTIFFS 30,000

ITEMS WITHIN PLAINTIFF STORAGE BY COMMITTING GRAND THEFT AGAINST

THE PLAINTIFF. FURTHER THE DEFENDANTS HAS NO RIGHT TO THE PLAINTIFFS

POSSESSIONS I PLAINTIFFS STORAGE UNIT 416. THE PLAINTIFF HAS MAILED

PAYMENTS FOR EACH MONTH OF STORAGE, OR PAID IN PERSON, OR ONLINE BY

DEBIT CARD. SEE ATTACHED DOCUMENTS PAGE (          ). THE DEFENDANTS.

53

33RD  CAUSE OF ACTION

HIPAA VIOLATION DONE BY THE DEFENDANTS.

42, U.S.C , CODE , SECTION 1320D-6

THE PLAINTIFF SUE THE DEFENDANT S FOR 50,000 FOR ENTERING INTO

PLAINTIFF STORAGE AND TAKING PLAINTIFFS   MEDICAL  INFORMATION ON

DOCUMENTS WITHIN PLAINTIFFS STORAGE UNIT 416., LOCATED AT 3535  BALL

RD, ANAHEIM, CA.

PLAINTIFF DECHERI HAFER STARTED RENTING UNIT NUMBER #416, AT 3535

BALL RD, ANAHEIM, CA,FORM A-1 SELF STORAGE, AND THE DEFENDANTS  ON

ABOUT JUNE, 6, 2021. AFTER PLAINTIFF ENTERED A WRITTEN CONTRACT WITH

A-1 STORAGE AND THE DEFENDANTS . THE DEFENDANTS SAID PLAINTIFF  PAY

134.00 A MONTH . THE FOLLOWING YEAR IN 2022 THE STORAGE FEE INCREASE

ILLEGAL TO 160.00 PLUS. THEN THEIR AFTER THE STORAGE FEE IN 2022 TO 2023

THE STORAGE FEE INCREASED TO 180.OO PLUS A MONTH ILLEGALLY . AS A-1

STORAGE COMMITTED ILLEGAL PRICE GOUGING TWO YEARS IN A ROW, IN 2022,

AND THE YEAR OF 2023. BY INCREASING A-T STORAGES RENT TO OVER

5 PERCENT A YEAR IN THE YEARS OF 2022, AND 2023, DEFENDANTS COMMITTED

ILLEGAL PRICE GOUGING AGAINST THE PLAINTIFF . THE DEFENDANTS AND

PLAINTIFF SIGNED A WRITTEN AGREEMENT FOR PLAINTIFF TO PAY 134.00 PER

MONTH FOR UNIT 416. THE DEFENDANTS BREACHED THE CONTRACT BY

CHARGING THE PLAINTIFF FOR TWO  YEARS OVER 150.00 PER MONTH, THAT

WASN'T ON THE WRITTEN CONTRACT BETWEEN THE PLAINTIFF AND

DEFENDANTS

. THEREFORE, THE PLAINTIFF SUES  THE DEFENDANTS .FOR BREACH  OF

CONTRACT IN THE AMOUNT OF 10,000.00 PER YEAR THAT THE PLAINTIFF WAS

CHARGED MORE THAT THE AMOUNT ON THE SIGNED CONTRACT BETWEEN THE

PLAINTIFF AND DEFENDANT S.  WHEN THE DEFENDANTS BREACHED TWICE THE

CONTRACT FOR TWO YEARS, THE DEFENDANTS VIOLATED

41, US. CODE, SECTION,6503 AGAINST THE PLAINTIFF AND PLAINTIFF SUES FOR

400,000.00 TOTAL FOR TWO YEARS OF THE DEFENDANTS VIOLATING

42, US, CODE, SECTION , 6502. , AND 43 U.S CODE, SECTION

55

DECLARATION OF THE PLAINTIFF

PAYMENTS MADE TO A-1 SELF STORAGE AND DEFENDANTS AS FOLLOWS

THAT A -1 STORAGE REFUSES TO CASH , AND RECEIVE.


THE PLAINTIFF FROM THE BEGINNING OF THE WRITTEN LEASE AGREEMENT

WITH A-1 STORAGE  AND DEFENDANTS ON OR BEFORE JULY,1, 2021 HAS EITHER

MAILED CHECKS CERTIFIED MAIL TO

A-1 STORAGE INC, AND THE DEFENDANTSSSS, OR PAID ONLINE, OR IN PERSON

WITH PLAINTIFFS DEBIT CARD. BUT THE DEFENDANTS REFUSES TO CASH THE

PLAINTIFFS CHECKS MAILED BY THE PLAINTIFF CERTIFIED MAIL THROUGH THE

UNITED STATES POSTAL SERVICE. THE DEFENDANTSSS IS GOING TO ILLEGALLY

EVICT THE PLAINTIFF WITHOUT ANY NOTICES LISTED WITHIN THIS COMPLAINT,

WHILE REFUSING TO TAKE THE PLAINTIFFS RENT. IT IS THE LAW THAT THE

DEFENDANTS CANNOT REFUSE PAYMENT OF PLAINTIFFS RENT, AND EVICT THE

PLAINTIFF WHILE PLAINTIFF HAS PAID PLAINTIFFS RENT EACH MONTH TO THE

DEFENDANTS.ALSO THERE IS NO NOTICE STATING THAT THE PLAINTIFF OWES

RENT IN WHAT AMOUNT TO THE DEFENDANTS. BECAUSE THE PLAINTIFF OWES

56

NOT RENT TO THE DEFENDANTS.  SEE MEMORANDUM POINTS AND AUTHORITIES

BELOW LISTED, AND ATTACHED ON PAGES (                    ),

PLAINTIFF MAILED THE DEFENDANTSSS A STORAGE PAYMENT TO A-1 STORAGE

INC AT ; 4607 MISSION GORGE PLACE, SAN DIEGO,CA,92120, UNITED STATES

POSTAL SERVICE CERTIFIED MAIL#70210350/0000/8501/8031, ON THE DATE OF

JULY,14,2023.


PLAINTIFF MAILED A-1 STORAGE PAYMENT BY CERTIFIED MAIL ON JUNE,6,2023,

VIA UNITED STATES POSTAL SERVICE

TRACKING,\NUMBER#9598071052700654446350 TO THE DEFENDANTS AT 4607

MISSION GORGE PLACE  , SAN DIEGO,CA,92120.


ON MARCH,23,2023 THE PLAINTIFF MAILED PAYMENT TO THE DEFENDANTS AS

A-1 STORAGE INC, AT 4607 MISSION GORGE PLACE, SAN DIEGO, CA,92120, VIA

UNITED STATES POSTAL SERVICE, TRACKING NUMBER # 7021/03500000850/55609

DEFENDANTS ON AUGUST , 9 ,2023

HAS PAID ALL RENT OWED TO THE DEFENDANTS AS A-1 STORAGE, AND OWES

THE DEFENDANTS NO RENT. NOR, IS THERE ANY DEMAND FROM THE

DEFENDANTS AS STATING THAT THE PLAINTIFF OWES ANY RENT. BECAUSE THE

PLAINTIFF IS PAID IN FULL. WHILE THE DEFENDANTSSS IS IN FULL POSSESSION

OF PLAINTIFFS PROPERTY AND WILL SELL BY ACTION PLAINTIFFS PROPERTY

57

WITHOUT ANY REASON OR NOTICE GIVEN TO THE PLAINTIFF. THE PLAINTIFF

MOVES THE COURT FOR AN EMERGENCY EX-PARTE  TEMPORARY RESTRAINING

ORDER., RESTRAINING THE DEFENDANT S FROM SELLING, ACTIONING, OR

TAKING POSSESSION OR PLAINTIFFS UNIT 416, AT 3535 BALL RD, ANAHEIM,CA, OR

PROPERTY, NOW, PURSUANT TO RULE 65 , FEDERAL RULE OF CIVIL PROCEDURE.

BECAUSE THE PLAINTIFF IS IN IMMEDIATE DANGER OF LOSING ALL THE

PLAINTIFFS POSSESSIONS ILLEGALLY. BY THE DEFENDANT'S ACTIONING , AND

SELLING PLAINTIFF POSSESSIONS, AND MEDICINES  FOR PLAINTIFF TO LIVE,

WITHOUT ANY JURISDICTION. PLAINTIFFS LIFE AND PROPERTY IS IN IMMEDIATE

DANGER OF HARM , AND THE PLAINTIFF WILL SUFFER IRREPARABLE  HARM

WITHOUT A EMERGENCY COURT ORDER, TEMPORARY RESTRAINING THE

DEFENDANT S FROM SELL. ACTIONG, OR TAKING POSSESSION OF PLAINTIFFS

PROPERTY, OR STORAGE UNIT THAT'S PAID IN FULL.. THE PLAINTIFF NEEDS

PLAINTIFFS MEDICATIONS FOR PLAINTIFFS HEART PROBLEM TO LIVE. THAT THE

DEFENDANTS HAS ILLEGAL POSSESSION OF UNLAWFULLY.

58

SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

DEFENDANTS CANNOT REFUSE RENT AND TAKE POSSESSION OF PLAINTIFFS

PROPERTY, AND EVICT THE PLAINTIFF.


Matter of Albany v. White, 46 Misc. 2d 915 | Casetext Search ...
Opinion July 6, 1965 Thomas G. Weaver and Alfred S. Robbins for petitioner. Shyleur
Barrack and Myles N. Weintraub for respondent. GEORGE STARKE, J. The court is
directly confronted here with the proposition of reinstating into possession a tenant
wrongfully evicted. The facts clearly warrant reinstatement.

MEMORANDUM POINTS AND AUTHORITIES
THE DEFENDANTS CANNOT REFUSE RENT AND EVICT THE PLAINTIFF.

**WINDEMERE OWNERS, LLC Petitioner-Landlord**

**vs**

**BIZU RIKI MULLU 666 WEST END AVENUE, APT 16L NEW YORK, NY 10025
Respondent-Tenant**
CIVIL COURT OF THE CITY OF NEW YORK COUNTY OF NEW YORK: HOUSING
PART CJul 30, 2013
Index No.: L&T 51163/2013 (N.Y. 2013)Copy Citation

59

Index No.: L&T 51163/2013•2013 N.Y. Slip Op. 31714

Landlord Windermere Owners commenced a summary non-payment action against rent stabilized tenant of record Mullu based on allegations Mullu failed to pay rent that was past due. Windemere asserted an oral demand for rent was made and the petition sought arrears. A prior summary holdover proceeding against the previous tenant of record was discontinued by stipulation, yet Windemere started a second holdover action against the same parties for the same cause of action by that time. Mullu moved for summary judgment claiming to have tendered rent to petitioner since November 2008, which Windemere accepted. Mullu sought summary judgment based on the uncontested claim that rent sued for was offered, but refused. The Appellate Term in *Janes v. Paddell* held that where a tenant continuously offered to pay rent, which landlord refused to accept, it could not maintain summary proceedings to recover possession for non-payment of rent. The court stated based on the history of the rejected payments, and the uncontested facts the rent sought was timely tendered, but refused, it found Windemere forfeited its right to maintain this non-payment proceeding, granting Mullu summary judgment dismissal.

60

FEDERAL RULE OF CIVIL PROCEDURE, RULE 65.

WITH MEMORANDUM OF POINTS AND AUTHORITIES,

ADDITIONALLY,  PLAINTIFF MOVES THE COURT FOR A EX-PARTE  TEMPORARY

RESTRAINING ORDER , RESTRAINING THE DEFENDANT S BY COURT ORDER FROM

SELLING, ACTIONING, OR TAKING POSSESSION OF PLAINTIFFS PROPERTY UNTIL

A ORDER IS MADE ON THE TEMPORARY RESTRAINING ORDER BY THE COURT.

PURSUANT RULE 65, FEDERAL RULE OF CIVIL PROCEDURE.

(a) **Preliminary Injunction**.

(1) *Notice*. The court may issue a preliminary injunction only on notice to the
adverse party.

(2) *Consolidating the Hearing with the Trial on the Merits*. Before or after beginning
the hearing on a motion for a preliminary injunction, the court may advance the trial
on the merits and consolidate it with the hearing. Even when consolidation is not
ordered, evidence that is received on the motion and that would be admissible at

62

trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

(b) **Temporary Restraining Order**.

(1) *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(2) *Contents; Expiration*. Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

(3) *Expediting the Preliminary-Injunction Hearing*. If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older

63

matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

(4) *Motion to Dissolve.* On 2 days' notice to the party who obtained the order without notice—or on shorter notice set by the court—the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires.

(c) **Security.** The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

(d) **Contents and Scope of Every Injunction and Restraining Order**.

(1) *Contents.* Every order granting an injunction and every restraining order must:

(A) state the reasons why it issued;

(B) state its terms specifically; and

(C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required 34TH CAUSE OF ACTION

PLAINTIFF SUES FOR LOST WAGES CAUSED BY THE DEFENDANTS.

64

THE PLAINTIFF SUES THE DEFENDANT S FOR LOST WAGES. BECAUSE THE

DEFENDANTS CAUSED THE PLAINTIFF TO LOSS WAGES FROM THE TIME THAT

THE DEFENDANTS ON DECEMBER, 2, 2022, (ABOUT) TOOK POSSESSION OF

PLAINTIFFS STORAGE UNIT, UNTIL AN COURT ORDER RETURNING BACK

POSSESSION OF PLAINTIFFS PROPERTY TO THE PLAINTIFF IN ISSUES TO THE

COURT, OR THE DISPOSITION OF THE CASE, WHICHEVER IS SOONER. THE

PLAINTIFF SUES THE DEFENDANT S FOR  213,689.6 ,EACH DAY FOR LOST WAGES

UNTIL THE DISPOSITION OF THE CASE.. DEFENDANTS HAS UNLAWFULLY TAKEN

POSSESSION OF PLAINTIFFS CASES PENDING WITH THE COURT, AND THE UNITED

STATES DISTRICT COURT, AND PLAINTIFFS LAW BOOKS,( TOMAS RUTTER, AND

COMPUTER, PRINTER, AND LEGAL DICTIONARY,CAUSING PLAINTIFF TO NOT BE

UNABLE TO CONTINUE PLAINTIFFS LAWSUITS PENDING WITH THE COURTS. THE

DEFENDANTS HAS POSSESSION OF PLAINTIFFS PROPERTY AND PLANS TO

ACTION AND SELL PLAINTIFFS PROPERTY PURPORTEDLY ON AUGUST,12,2023. SEE

ATTACHED PAGES (                    ).

65

34TH CAUSE OF ACTION EMOTIONAL DISTRESS

CAUSED BY THE DEFENDANTS.


THE DEFENDANTSSS IS CAUSING THE PLAINTIFF EMOTIONAL DISTRESS FROM

DECEMBER,2,2022 ABOUT THROUGH THE DISPOSITION OF THE CASE. BY THE

DEFENDANTSSS VIOLATING THE RIGHTS LISTED ON THE COMPLAINT AGAINST

THE DEFENDANTS. THEREFORE, THE PLAINTIFF SUES THE DEFENDANT S FOR

10,000 EACH DAY UNTIL THE DISPOSITION OF THE CASE  FOR DISTRESSING THE

PLAINTIFF EMOTIONALLY.

66

35TH CAUSE OF ACTION

DEFENDANTS VIOLATED PLAINTIFFS RIGHT TO BE NOTICE UNDER DUE PROCESS

OF LAW , OF THE U,S CONSTITUTION  SECTION 1., MANY TIMES AS LISTED

BELOW. DEFENDANTS DEPRIVED PLAINTIFF THE RIGHT TO DUE PROCESS OF

LAW. THEREBY..

THE PLAINTIFF STORAGE UNIT#416, IS REAL PROPERTY,BEING PERMANENTLY

ATTACHED TO THE PARCEL OF LAND LOCATED AT 3535 WEST BALL RD, ANAHEIM

,CA. AND PLAINTIFF IS PAYING RENT FOR OVER TWO YEARS FOR THE REAL

PROPERTY PLAINTIFF IS RENTING FROM A-1 STORAGE. AS RESULT THE PLAINTIFF

MUST BE SERVED A THREE DAY NOTICE , A SIXTY DAY NOTICE, A NOTICE OF

WRIT OF POSSESSION, A NOTICE OF APPLICATION OF WRIT OF POSSESSION, A

SUMMONS, A COMPLAINT,A NOTICE OF JUDGMENT, OR DEFAULT, A NOTICE OF

RIGHT TO POSSESSION, AND A SHERIFF LOCKOUT NOTICE.

 BEFORE PLAINTIFF PROPERTY MAY  TAKEN  BY THE DEFENDANTS ,LAWFULLY.

THE PLAINTIFF SUES THE DEFENDANT S  FOR 400,000, PER EACH NOTICE LISTED

THAT THE PLAINTIFF WAS DEPRIVED OF.

 DUE TO DEFENDANTS NEVER SERVING THE PLAINTIFF ANY NOTICE.. ( 1- 13).

67

NOTICES UNSERVED TO THE PLAINTIFF BY THE DEFENDANTS BELOW…

PLAINTIFF SUES THE DEFENDANTS FOR 400,000 PER NOTICE LISTED THAT WAS NOT SERVED TO THE PLAINTIFF BY THE DEFENDANTS.

1.   SHERIFF LOCKOUT NOTICE.

2.   NOTICE OF PRELEIN.

3.   NOTICE OF LIEN.

4.   5. NOTICE OF APPEAL.

6. NOTICE OF JUDGMENT, OR DEFAULT JUDGMENT.

.7 NOTICE OF APPLICATION FOR WRIT OF POSSESSION.

8  NOTICE OF WRIT OF POSSESSION.

9 THREE DAY NOTICE

10   60 DAY NOTICE

11.   NOTICE OF OBJECTION FORM . SO PLAINTIFF COULD OBJECT TO THE

12.  LEIN, LIEN SALE, PRELIMINARY LIEN SALE.

13. NOTICE OF A VALID REASON WHY THE DEFENDANTSSS IS TRYING TO

14 EVICT THE PLAINTIFF,AND UNWILLING TO RENT TO THE PLAINTIFF.

15 NOTICE OF RIGHT TO POSSESSION OF MY PROPERTY.

16 NOTICE OF HEARING ON EVICTION PROCEEDINGS.

68

THE UNITED STATES DISTRICT COURT HAS JURISDICTION OVER

THIS CASE PURSUANT  TITLE 28, SECTION 1331, OF THE U.S  CONSTITUTION.


**Title 28, Section 1331 of the United States Code confers upon federal district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1331, which grants what is commonly referred to as federal question jurisdiction, is an all-purpose jurisdictional statute,  available regardless of the DEFENDANT's identity and, since 1980, is not limited by any requirement that a minimum dollar amount be in controversy.  Section 1331 (and 28 U.S.C. § 1343) also confers jurisdiction in actions authorized by 42 U.S.C. § 1983 against DEFENDANTSSSs acting under color of state law.  It is generally available in suits against the federal government and its agencies and in actions against federal officers and employees.**

**THE PLAINTIFFS CASE ARISES UNDER THE U.S CONSTITUTIONAL LAWS. THEREFORE THE UNITED STATES DISTRICT COURTS HAVE JURISDICTION.**

69

DECLARATION

I DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE

UNITED STATES OF AMERICA THAT THE FORGOING IS TRUE AND CORRECT.

PRINT

DATE:

SIGNATURE:

70

## JURISDICTION

THE UNITED STATES DISTRICT COURTS HAVE ORIGINAL

JURISDICTION OVER THIS/CASE, AND OVER THIS INSTANT CASE

.BECAUSE THIS INSTANT CASE IS ARISING UNDER THE

CONSTITUTION LAWS OF THE UNITED STATES OF AMERICA ( 28 U.S.

CODE, SECTION 1331 ). ALSO THE DEFENDANTS EXCEPT A-1 STORAGE

INC, AND ANAHEIM STORAGE RESIDE OUT OF THE STATE OF

CALIFORNIA, ( DIVERSITY)

71

MOTION FOR EX-PARTE RESTRAINING ORDER ,RESTRAINING A-1 STORAGE , INC, AND CASTER FAMILY ENTERPRISES, INC, FROM DOING EVERYTHING LISTED IN THE RESTRAINING ORDER, PURSUANT 65 RULE, FEDERAL RULES OF CIVIL PROCEDURE.

PLAINTIFF MOVES THE COURT TO ISSUE AN EX PARTE RESTRAINING ORDER. RESTRAINING THE DEFENDANT S FROM SALING, OR ACTING THE PLAINTIFFS PROPERTY , AND RESTRAINING THE DEFENDANT S FROM FORCING THE PLAINTIFF TO MOVE OUT, OR VACATE UNIT # 416, AT 3535  WEST BALL ROAD, ANAHEIM, CA.

INTRODUCTION

STATEMENTS OF FACTS, BY THE PLAINTIFF. WITH MEMORANDUM OF POINTS AND

AUTHORITIES.


PLAINTIFF BEGAN RENTING UNIT #416 LOCATED AT ; 3535 WEST. BALL ROAD,

ANAHEIM, CA, ON  SEPTEMBER ,13,2021, AT A RENT RATE OF 134.00 A MONTH FOR

UNIT NUMBER 416. THEREAFTER THE DEFENDANTSSSS BREACHED THE

CONTRACT WITH THE PLAINTIFF BY CHARGING THE PLAINTIFF 227.00, EACH

MONTH ON SEPTEMBER, 1, 2022 BY ILLEGALLY INCREASING THE PLAINTIFFS

RENT BY  93.00 EACH MONTH UNLAWFULLY. THE PLAINTIFF RENT BY LAW CAN

ONLY INCREASE BY .05 PERCENT EACH YEAR. THEREFORE THE DEFENDANTSSS

BROKE THE LEASE WITH THE PLAINTIFF BY CHARGING THE PLAINTIFF MORE

THAN FIVE PERCENT EACH YEAR THAT THE PLAINTIFF HAS RENTED FROM THE

DEFENDANTS.  PLAINTIFF SUES THE DEFENDANT S FOR 400,000.00, AND FOR ALL

RENT PAID TO THE DEFENDANTSSSS BY THE PLAINTIFF.

 FOR THE DEFENDANT S BREAKING , OR BREACHING THE CONTRACT BY OVER

CHARGING THE PLAINTIFF RENT, IN EXCESS OF .05 PERCENT A YEAR INCREASE(

116TH CONGRESS,2ND SESSION S.3853, AND  TITLE 42, U.S CONSTITUTION,

SECTION, 5170(A).

74

,MDS                        STATEMENTS OF FACTS SUPPORTED BY

MEMORANDUM POINTS AND AUTHORITIES .


DEFENDANTS CANNOT EVICT, THE PLAINTIFF FROM PLAINTIFFS STORAGE UNIT

DURING THE DECLARED STATE OF EMERGENCY. DEFENDANTS CANNOT EVICT

WITHOUT A JUST REASON IN WRITING MAILED TO THE PLAINTIFF.


CAUSE OF ACTION:

THE PLAINTIFF HAS RENTED UNDER A LEASE AGREEMENT BETWEEN THE

DEFENDANTS AS A-1 SELF STORAGE, INC, PLAINTIFFS STORAGE UNIT, FOR MORE

THAN A YEAR. PURSUANT TITLE 42, CHAPTER 68,SECTION 5170. CALIFORNIA

GOVERNOR GAVIN NEWSOM RECEIVED PERMISSION FROM PRESIDENT BUSH,

PURSUANT TITLE 42, CHAPTER 68, 5170, TO DECLARE A CALIFORNIA STATE OF

EMERGENCY THROUGH THE DATE OF FEBRUARY, 28,2023, UNDER BILL AB-1482,

OR ASSEMBLY BILL A-B,1482, THROUGH TITLE 42, CHAPTER 68, SECTION 5170.

THEREBY GOVERNOR NEWSOM DECLARED A CALIFORNIA STATE OF

EMERGENCY, THAT, IS PERMITTED, AND ENFORCED BY PRESIDENT BIDEN,AND

PRESIDENT BUSH OF THE UNITED STATES, FROM MARCH,1,2021 THROUGH

FEBRUARY,28,2023. UNDER THE STATE OF EMERGENCY, PURSUANT ASSEMBLY

75

BILL A-B- 1482. ALL REAL PROPERTY OWNERS WITHIN CALIFORNIA , RENTING ,
OR LEASING PROPERTY ATTACHED TO A PARCEL OF LAND, SUCH AS PLAINTIFFS
STORAGE UNIT THE PLAINTIFF IS RENTING, CANNOT EVICT, OR FORCE A PERSON
TO MOVE OUT , OR STOP RENTING, OR VACATE IF THE PERSON HAS RENTED
MORE THAT ONE YEAR. WITHOUT THE DEFENDANT S HAVING GIVEN A WRITTEN
NOTICE OF JUST CAUSE OF WHY THE PERSON, OR PLAINTIFF CAN NO LONGER
RENT THROUGH THE DATE OF FEBRUARY,28,2023 THE DEFENDANTSSSS MUST
HAVE JUST CAUSE TO EVICT, STOP RENTING TO PLAINTIFF, OR EVICT THE
PLAINTIFF FROM REAL PROPERTY. ( ANY PERMANENT ATTACHMENT TO REAL
PROPERTY, SUCH AS A STORAGE UNIT , IS REAL PROPERTY). THE
DEFENDANTSSSS HAVE NO JUST REASON FOR EVICTING THE PLAINTIFF, OR
FORCING THE PLAINTIFF TO MOVE FROM PLAINTIFFS STORAGE UNIT, OR
REASON TO STOP TAKING RENT FROM THE PLAINTIFF, AS LEGALLY
REQUIRED.THE DEFENDANTSSSS HAVE NO JUST CAUSE FOR REFUSING
PLAINTIFFS RENTAL PAYMENTS TO EVICT, OR FORCE THE PLAINTIFF TO VACATE,
AS STATED BY LAW. THEREFORE THE PLAINTIFF SUES THE DEFENDANT S FOR
10,000,000.00 FOR NOT GIVING THE PLAINTIFF ANY WRITTEN REASON, AND ANY
REASON FOR REFUSING THE PLAINTIFFS RENT TO EVICT , OR FORCE THE
PLAINTIFF TO VACATE.

76

36 TH CAUSE OF ACTION:

ADDITIONALLY, THE DEFENDANT S HAVE NO JUST CAUSE FOR TERMINATING THE

PLAINTIFFS LEASE, WITHOUT NOTICE, OR ANY REASON. PURSUANT CALIFORNIA

ASSEMBLY BILL 1482, UNDER THE TENANT PROTECTION ACT, THROUGH , AND

VIA, TITLE 42, CHAPTER 68, SECTION 5170. THE DEFENDANTS MUST HAVE A VALID

REASON TO TERMINATE, OR REFUSE TO LEASE TO THE PLAINTIFF, OR A VALID

REASON TO TERMINATE THE PLAINTIFFS LEASE. AND THE DEFENDANTSSSS

MUST SERVE NOTICE TO THE PLAINTIFF, OF WHY THE PLAINTIFFS LEASE WILL

BE TERMINATED MY MAIL. THEREAFTER, THE DEFENDANTSSSS MUST ALLOW

THE PLAINTIFF 21 DAYS TO RESPOND, AND FIVE DAYS TIME TO MAIL ANY

RESPONSE BACK TO THE DEFENDANT S. THE DEFENDANTSSSS FAILED TO GIVE

THE PLAINTIFF ANY NOTICE, OR TIME TO RESPOND TO ANY NOTICE OF

PLAINTIFFS LEASE BEING UNRENEWED, OR TERMINATED,OR OF ANY EVICTION,

OR OF ANY FORCED EVICTION, EVER. THEREFORE, THE DEFENDANTS ACTED

UNDER THE COLOR OF LAW AGAINST THE AFRICAN AMERICAN PLAINTIFF,BY

DENYING THE PLAINTIFF PLAINTIFFS RIGHTS TO BE NOTICE PRIOR TO

PLAINTIFFS PROPERTY BEING TAKEN INTO POSSESSION BY THE DEFENDANT S.

DEFENDANTSSSS THEREBY VIOLATED THE PLAINTIFFS 24TH AMENDMENT

RIGHT. PLAINTIFF SUES THE DEFENDANT S FOR 5,000,000,000.00, FOR TAKING THE

PLAINTIFFS PROPERTY WITHOUT NOTICE EVER BEING GIVEN  BY THE

DEFENDANTS, PRIOR TO THE DEFENDANT'S TAKING POSSESSION OF THE

78

PLAINTIFFS PROPERTY, PURSUANT ; 14TH AMENDMENT, SECTION 1 , OF THE U.S. CONSTITUTION.


CAUSE OF ACTION: THE DEFENDANTS DENIED THE PLAINTIFF THE RIGHT TO OBJECT TO THE DEFENDANT'S TAKING POSSESSION OF THE PLAINTIFFS PROPERTY. PLAINTIFF SUES THE DEFENDANTS FOR 10,000,000.00 FOR THE DEFENDANTS NOT GIVING THE PLAINTIFF OPPORTUNITY TO OBJECT. 9 PURSUANT 14 TH, AMENDMENT, SECTION 1, OF THE U.S. CONSTITUTION.

79

JURISDICTION

THE U.S. DISTRICT COURT HAS ORIGINAL JURISDICTION IN ALL CIVIL ACTIONS ARISING UNDER THE U.S CONSTITUTION LAWS , OR TREATIES, OF THE UNITED STATES.

PLAINTIFF SUES THE DEFENDANT S FOR 800,000.00 FOR DENYING AFRICAN AMERICAN THE RIGHT TO USE THE PUBLIC RESTROOM AND THE WATER HYDRANT, PURSUANT TITLE 42, SECTION 2000 (A) OF THE U.S. CONSTITUTION THAT GIVES THE PLAINTIFF THE RIGHT TO USE THE RESTROOM, AND THE WATER HYDRANT.

Cause OF ACTION PER VIOLATION OF TITLE 42, SECTION 2000(A) PLAINTIFF SUES THE DEFENDANT S WITHIN THIS CAUSE OF ACTION FOR 400,000.OO FOR DENYING AFRICAN AMERICAN PLAINTIFF RESTROOM ACCESS TO USE THE RESTROOM, AND PLAINTIFF SUES THE DEFENDANTSSS FOR 400,000.00 FOR DENYING THE PLAINTIFF ACCESS TO PUBLIC WATER FOUNTAINS, AND HYDRANTS . BECAUSE

80

THE PLAINTIFF IS BLACK THE DEFENDANTS CONTINUALLY DISCRIMINATES AGAINST THE PLAINTIFF, BY DENYING PLAINTIFF USE OF THE RESTROOM, AND WATER HYDRANTS, OR WATER FAUCETS. THEREFORE PLAINTIFF SUES THE DEFENDANT S, A TOTAL OF 800,000, ONLY FOR DENYING THE PLAINTIFF USE OF THE WATER HYDRANT, WATER FAUCET, AND RESTROOM .

81

## DECLARATION OF PLAINTIFF

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED

STATES, THAT THE FORGOING IS TRUE AND CORRECT

PRINT : DECHERI  HAFER

DATE: August 17, 2023

SIGNATURE : DECHERI, HAFER

82

(D.H)

LIST OF ALL DEFENDANTS WITH ADDRESS PLAINTIFF IS SUING.

BRAIN CASTER ( DEFENDANT), WITH AKA"S LISTED, BELOW.

PLAINTIFF SUES BRAIN .R CASTER, BRAIN CASTER, BRAIN  J. CASTER,

BRAIN L. CASTER, BRAIN  K. CASTER, BRAIN C, CASTER. BRAIN KEITH CASTER

AT: THE ADDRESSES OF 28 WEST DRIVE EAST HAMPTON, NY, 11937 THAT BRAIN

CASTER OWNS ,VIA WIFE BABRA CLAIRE CASTER WIFE NOW DECEASED, THAT

OWNED THE PROPERTY.

ALSO AT THE ADDRESSES LISTED BELOW THAT BRAIN CASTER OWNS OR LIVED

AT LISTED BELOW.

520 PECAN CREEK , HORSESHOE BAY, TX ( THAT  BRAIN CASTER  OWNS OUT OF

STATE. .

579 RUFFNER STREET,  NORFOLK, VA, 23504. IS A PROPERTY BRAIN CASTER OWNS.

83

HAKIEK WAKAR ( DEFENDANT)

LIST OF DEFENDANT'S NAME OF DEFENDANTS THE PLAINTIFF SUES.

WAKAR HAKIEK, HAKAIEK  WAKAR,

DEFENDANT OWNS THE FOLLOWING ADDRESSES OUT OF STATE.

THEREFORE THE COURT HAS JURISDICTION OVER THIS INSTANT CASE.


50 HAWKIN RD, CENTEREACH, NY,11720


2721 MATHEWS AVE, BRONX, NY,10467.


2723A  MATHEWS AVE, BRONX, NY. 10467.


9146 HOLLIS COURT BLVD, QUEENS VILLAGE, NY, 11428.

( DEFENDANTS PRESENT HOME)


1215 BEACH BLVD, SUITE C, ANAHEIM, CA, 92804.


6652 KNOTT AVE( UNIT #84),, BUENA  PARK, CA, 90621.

6264 SHERIDAN WAY, BUENA PARK, CA, 90620.

3535 WEST BALL RD ANAHEIM, CA, 92804.

84

MARSIL B. WAZIR ( DEFENDANT)

LIST OF DEFENDANTS THAT PLAINTIFF SUES

PLAINTIFF SUES DEFENDANT MARSIL WAZIR, AND DEFENDANT WAZIR MARSIL,

AND DEFENDANT MARCIL FRANCE, AND DEFENDANT FRANCE WAZIR.

AT  DEFENDANTS HOME ADDRESSES LISTED BELOW FOR ALL DEFENDANTS WITH

THE NAMES ON THIS PAGE.

6309 83RD PLACE UNIT #1, MARYSVILLE, WA, 98270. THE COURT HAS

JURISDICTION OF

THIS INSTANT CASE.

 BECAUSE THE DEFENDANT ON THE PAGE  OWNS 6309 83RD PLACE,

UNIT #1, MARYSVILLE, WA, 98270.

3535 WEST BALL RD, ANAHEIM

, CA, 92804.

3210 WEST  ORANGE AVE,  #14, ANAHEIM, CA, 92804.

PLAINTIFF SUES ANAHEIM STORAGE ( DEFENDANT ), THAT OWNS PART OF , A-1 STORAGE, INC., AND THE PARCEL OF LAND A-1 STORAGE IS PERMANENTLY ATTACHED TO..

THE OWNER OF A-1 STORAGE IS ALSO ANAHEIM STORAGE. THEREFORE THE PLAINTIFF SUES ANAHEIM STORAGE FOR THE FULL TOTAL AMOUNT LISTED ON THIS COMPLAINT.  ALL DEFENDANTS, AND ANAHEIM STORAGE , OWN A PORTION OF A-1 SELF STORAGE, INC, OR THE PROPERTY AT 3535 WEST BALL RD, ANAHEIM ,CA, 92804, WHERE A-1 SELF STORAGE IS PERMANENTLY ATTACHED TO THE PARCEL THE PARCEL OF LAND. ALL DEFENDANTS, AND AND ANAHEIM STORAGE OWN 3535 WEST BALL RD, ANAHEIM, CA, 92804.

86

PLAINTIFF MOVES THE COURT FOR FOUR TIMES THE AMOUNT DECLARED ON THIS COMPLAINT. FOR MALICE COMMITTED BY ALL DEFENDANTS. THE DEFENDANTS KNOW THE LAWS OF THE UNITED STATES AND WILLFULLY, INTENTIONALLY, KNOWINGLY, WILLINGLY ,VIOLATE THE LAW AGAINST THE PLAINTIFF..

ALL DEFENDANTS ARE UNLAWFULLY COMMITTING ALL CRIMES AND UNITED STATES CONSTITUTION VIOLATIONS WILLFULLY, INTENTIONALLY, MALICIOUSLY, KNOWINGLY, AGAINST THE DEFENDANT, WITHOUT CEASING. THEREFORE THE PLAINTIFF SUES FOR FOUR TIMES THE AMOUNT LISTED ON THIS COMPLAINT FOR MALICE. ALL DEFENDANTS HAVE LIVED FOR YEARS WITHIN THE UNITED STATES OF AMERICA AND KNOW THE LAWS, AND ARE CHOOSING TO MALICIOUSLY BREAK THE LAWS OF THE UNITED STATES CONSTITUTION, AGAINST THE PLAINTIFF THAT THE DEFENDANTS ARE CAUSING IRREPARABLE HARM. PLAINTIFF MOVES THE COURT TO GIVE THE PLAINTIFF FOUR TIMES THE AMOUNT IN THIS COMPLAINT, AGAINST ALL DEFENDANTS FOR MALICE, ON THIS INSTANT CASE BEFORE THE COURT.

88

14. TWO WALL CLOCKS, (BLACK, WHITE)

15. 5 PAIR OF NIKKEN SHOES (30000 A PAIR)

16. 5 PAIR RED WING SHOES 300.00 EACH PAIR.

17. LEATHER PURSE 500.00 WITH FUR ON THE FRONT.

18. 1 DOLLY.

19. BLACK LAWS DICTIONARY.

20.  TWO CROCK POTS

21. ONE RICE COOKER BLACK AND DECKER.

22. TWENTY SHIRTS.

23. TWENTY PAINTS

24. TWENTY PANTIES.

25. TWENTY SOAKS.

26. TWENTY BRAS. TWENTY PANTY HOSE.

27. TWENTY DRESSES.

28. TWENTY SHIRTS

29. TWENTY SWEATERS.

30. 5 COATS.

31. 4 JACKETS

32. DADS BIRTH CERTIFICATE

33. PLAINTIFFS BIRTH CERTIFICATE

34. DADS DEATH CERTIFICATE

90

35. DAUGHTERS BIRTH CERTIFICATE

36. DAUGHTER'S SOCIAL SECURITY CARD

37. PLAINTIFF'S SOCIAL SECURITY CARD

38. PLAINTIFF CALIFORNIA ID CARD/ DRIVER'S LICENSE

39. PLAINTIFF CAR TITLE

40. PLAINTIFF CAR REGISTRATION

41. PLAINTIFF COMPUTER

42. 'PLAINTIFFS SCANNER

43. PLAINTIFFS HEADPHONES( 250.00)

44. PLAINTIFFS MEDICAL CARD

45. PLAINTIFFS  FIVE CELL PHONES

46. PLAINTIFFS MEDICAL CARDS

47. PLAINTIFFS DAUGHTERS MEDICAL CARDS

3

35. DAUGHTERS BIRTH CERTIFICATE

36. DAUGHTER'S SOCIAL SECURITY CARD

37. PLAINTIFF'S SOCIAL SECURITY CARD

38. PLAINTIFF CALIFORNIA ID CARD/ DRIVER'S LICENSE

39. PLAINTIFF CAR TITLE

40. PLAINTIFF CAR REGISTRATION

41. PLAINTIFF COMPUTER

42. 'PLAINTIFFS SCANNER

43. PLAINTIFFS HEADPHONES( 250.00)

44. PLAINTIFFS MEDICAL CARD

45. PLAINTIFFS  FIVE CELL PHONES

46. PLAINTIFFS MEDICAL CARDS

47. PLAINTIFFS DAUGHTERS MEDICAL CARDS

48. Sixteen million (dollars) is United States
Currency. (cash)

3

92

12/20/2022

**A-1 Self Storage-Anaheim**
3535 W. Ball Road.
Anaheim, CA - 92804

Decheri Hafer
525 Union Ave
Bakersfield, CA - 93307

### * * * Notice of Lease Termination and Notice to Vacate * * *

This letter is to notify you of the non-renewal of your lease as per the terms of your Rental
Agreement.  As of today, we are hereby giving you notice to terminate the tenancy of your unit,
number 416.  Please vacate your unit no later than 12/31/2022.  No further payments will be
accepted or processed for this lease.

Please make arrangements for your items to be removed from your unit by the above
mentioned date. During the course of the termination period your access may be strictly
controlled.  Please check with the office for details regarding access to your unit.  Abiding by
this lease termination and notice to vacate will ensure that your items will not be sold at auction
or disposed of and will prevent any legal action being taken.

If you have any questions please contact us at 714-220-2277 or a1ball@a1storage.com

Sincerely,


A-1 Self Storage



Rev Oct 2022

93

DECLARATION

I DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE

UNITED STATES OF AMERICA THAT THE FORGOING IS TRUE AND CORRECT.

PRINT  DECHERi HAFER

DATE: August, 17, 2023

SIGNATURE: DECHeRi, HAFER
            DECheRi, HAFER

94



(D.H)